# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**41B JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>16-10652H-AC |

**Court address**: 22380 Starks Dr, Charter Twp of Clinton, MI 48036

**Court telephone no.**: (586) 469-9300

**Plaintiff's name(s), address(es), and telephone no(s).**
Todd Ivey, Sr.
c/o MICHIGAN CONSUMER CREDIT LAWYERS
22142 W. Nine Mile Rd.
Southfield, MI 48033
(248) 353-2882

v

**Defendant's name(s), address(es), and telephone no(s).**
Equifax Information Services, LLC
RA: CSC Lawyers Incorporating Service Company
601 Abbot Road
East Lansing MI 48823

Navient Solutions, Inc. d/b/a Sallie Mae
RA: CSC-Lawyers Incorporating Service
601 Abbot Road
East Lansing MI 48823

**Plaintiff's attorney, bar no., address, and telephone no.**
Gary D. Nitzkin P41155
MICHIGAN CONSUMER CREDIT LAWYERS
22142 W. Nine Mile Rd.
Southfield, MI 48033
(248) 353-2882

---

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

**Issued**: NOV 14 2016    **This summons expires**: 2-13-17    **Court clerk**: [signature]

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

**Plaintiff(s) residence** (include city, township, or village): Harrison Twp, MI

**Defendant(s) residence** (include city, township, or village): East Lansing, MI

**Place where action arose or business conducted**: Harrison Twp., MI

**Date**: 11-8-16

**Signature of attorney/plaintiff**: Gary D. Nitzkin w/permission

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01 (5/15) SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
　　　　　　　　　　　　　　　　　　　Date

My commission expires: _____ Signature: _____
　　　　　　　　　　　　　Date　　　　　　　　　　　Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attachments

_____ on _____
　　　　　　　　　　　　　　　　　Day, date, time

on behalf of _____ .

Signature

STATE OF MICHIGAN
IN THE 41B DISTRICT COURT

TODD IVEY, SR.,
    Plaintiff,
v.

16-10652#-
    AC

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company, and
NAVIENT SOLUTIONS, INC.,
a Delaware corporation.
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email–gary@micreditlawyer.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, TODD IVEY, SR., THROUGH COUNSEL MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Harrison Township, Macomb County, Michigan.

2. Venue is proper in 41B District Court in Macomb County, Michigan as the actions and occurrences recited herein occurred in Harrison Township, in Macomb County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:
   a. Equifax Information Solutions, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and
   b. Navient Solutions, Inc. ("Navient") which is a Delaware corporation that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. Dept. of Ed/Navient is reporting its trade line with account number 94786113201E0032* ("Bogus Trade Line") on Plaintiff's Equifax credit file. This trade line does not belong to Mr. Ivey as he is a victim of identity theft.

6. Sometime in 2010, Plaintiff began receiving letters and calls from Navient to collect the debt, which is the subject of the Bogus Trade Line. At this time, he received the loan application that was filled out to obtain the loan, which is the subject of the Bogus Trade Line. This revealed that on May 27, 2010, an unknown person took out a student loan in Mr. Ivey's name for the International Academy of Design in Chicago.

7. Mr. Ivey never took out this student loan, which is the subject of the Bogus Trade Line. He took out other student loans but never attended school in Chicago. Mr. Ivey attended school in Michigan and graduated from college in 2010. Mr. Ivey's other loans were discharged through disability. Mr. Ivey's son, Todd Ivey, Jr., never attended school in Chicago either.

2

8. In January 2016, Mr. Ivey completed a Fraud ID Theft Affidavit and submitted it to Navient.

9. On or about April 12, 2016, Mr. Ivey filed a police report regarding the Bogus Trade Line.

10. On or about May 24, 2016, Mr. Ivey received correspondence from Navient stating it was unable to confirm his claims and stating that the identity theft investigation was closed.

11. On or about August 30, 2016, Mr. Ivey obtained his Equifax credit file and noticed that Navient reported the Bogus Trade Line on his credit file.

12. On or about September 20, 2016, Mr. Ivey submitted a letter to Equifax disputing the Bogus Trade Line. In the letter, Mr. Ivey stated that he was the victim of identity theft and he attached a copy of the police report. He requested that the Bogus Trade Line be removed from him Equifax credit file.

13. Upon information and belief, Equifax forwarded Mr. Ivey's consumer dispute to Navient.

14. On or about September 28, 2016, Mr. Ivey received Equifax's investigation results which showed that Navient retained the Bogus Trade Line.

15. On or about September 30, 2016, Mr. Ivey received correspondence from Equifax stating that it successfully added an extended fraud alert on his Equifax credit file.

16. On or about October 14, 2016, Mr. Ivey received another Equifax investigation result which stated that Equifax verified that the Bogus Trade Line belonged to Mr. Ivey.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Mr. Ivey's consumer dispute to the Bogus Trade Line, Navient negligently failed to conduct a proper investigation of Mr. Ivey's dispute as required by 15 USC 1681s-2(b).

19. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Bogus Trade Line from Mr. Ivey's credit file.

20. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Ivey's consumer credit file with Equifax to which it is reporting such trade line.

21. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Mr. Ivey has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22. Navient is liable to Mr. Ivey by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Ivey has a private right of action to assert claims against Navient arising under 15 USC 1681s-2(b).

4

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Navient for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Mr. Ivey disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Mr. Ivey's dispute.

26. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Navient's willful failure to perform its respective duties under the FCRA, Mr. Ivey has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Navient is liable to Mr. Ivey for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Navient for the greater of statutory or actual damages, plus punitive damages, along with costs,

5

interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Ivey as that term is defined in 15 USC 1681a.

31. Such reports contained information about Mr. Ivey that was false, misleading and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ivey, in violation of 15 USC 1681e(b).

33. After receiving Mr. Ivey's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Ivey has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

35. Equifax is liable to Mr. Ivey by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Ivey as that term is defined in 15 USC 1681a.

38. Such reports contained information about Mr. Ivey that was false, misleading and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ivey, in violation of 15 USC 1681e(b).

40. After receiving Mr. Ivey's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Ivey has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

42. Equifax is liable to Mr. Ivey by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

7

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

November 8, 2016

*Gary D. Nitzkin w/ permission*

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email–gary@micreditlawyer.com

2:16-cv-14454-LJM-DRG   Doc # 1-2 Filed 12/22/16   Pg 12 of 12   Pg ID 17

**NITZKIN & ASSOCIATES**
22142 W 9 MILE ROAD
SOUTHFIELD, MICHIGAN 48033



7015 3010 0001 7056 8866



$7.15
US POSTAGE
FIRST-CLASS
062S0006050764
48033

Navient Solutions, Inc. d/b/a Sallie Mae
RA: CSC-Lawyers Incorporating Service
601 Abbot Road
East Lansing MI 48823

48823-336601